45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Claude C. WILLIAMS, Plaintiff-Appellant,
v.
UNITED STATES POST OFFICE, Anthony M. Frank, Postmaster
General, Defendant-Appellee.
 No. 94-6158.
 United States Court of Appeals, Tenth Circuit.
 Jan. 9, 1995.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court denying pro se petitioner's motion to vacate a judgment filed pursuant to Fed.R.Civ.P. 60(b). Petitioner Williams argues on appeal that the district court abused its discretion in denying the Fed.R.Civ.P. 60(b) motion because petitioner was not given a fair opportunity to litigate his employment discrimination case brought pursuant to Title VII of the Civil Rights Act. We affirm.
 
 
 3
 Petitioner originally filed this employment discrimination case, a civil rights action, pro se on March 24, 1992 alleging gender discrimination in his employment. Upon the motion of the United States Postal Service defendants, the case was dismissed because of petitioner's failure to respond to the motion to dismiss. That dismissal was appealed to this court where this court dismissed the appeal for untimely filing of the notice of appeal. While the appeal in this court was pending, petitioner's attorney filed a Fed.R.Civ.P. 60(b) motion to vacate the judgment with the United States District Court. The order of the district court makes clear that the court considered the motion on its merits and did not limit its consideration to the timeliness issues. The district court clearly addressed the merits of plaintiff's allegations. Therefore, petitioner cannot now claim that he did not have a fair chance to litigate those claims. We cannot say that the district court abused its discretion under these circumstances. AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470